(No. 4754- ▮▮▮▮▮▮▮▮▮▮)

SHARON SUE GREER AND JANICE IRENE GREER, BY MARTHA GREER, NEXT FRIEND, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1957.*

THOMAS P. O'DONNELL, Attorney for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

Claimants, Sharon Sue Greer and Janice Irene Greer, minors, by Martha Greer, next friend, filed their complaint in this Court seeking damages for the death of their father, Francis E. Greer.

The record consists of a complaint in two counts, Departmental Report, transcript of evidence, brief and argument of claimants, Commissioner's Report, waiver of brief and argument by respondent, and Letters of Guardianship.

The facts of the case are as follows:

Francis E. Greer was a member of Headquarters Battery, 209 Field Artillery Battalion, Illinois National Guard, and on August 24, 1947 he reported for training at Camp Ellis, Illinois. On August 26, 1947, while he was on duty, a sudden storm struck the area. The troops were ordered to double time to shelter area, and the decedent fell out of line complaining of a "Charley Horse" in his leg. Shortly thereafter Pvt. Greer became ill, and was transferred to Phelps Hospital in Macomb, Illinois. He was quite ill while in the hospital, but seemed to have made a recovery, and on September 4, 1947 was returned to his home by ambulance.

On September 6, 1947, however, Pvt. Greer died. A postmortem examination was made, and it was found that he suffered from a pulmonary embolus of the left lung. The embolus lodged in the right ventricle of the heart. The coroner's report also disclosed a thrombophlebitis of the right leg with a blood clot broken off in the upper part of the femoral vein.

Sharon Sue Green, born June 3, 1945; Janice Irene Green, born December 13, 1946; and Pvt. Greer's widow, now Teresa Allen, were the sole heirs of the decedent, and it appears from the evidence that their father was their sole support.

This complaint is based on the provisions of Chap. 129, Sec. 143, Ill. Rev. Stats., which reads as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed or sustained an injury to his property, while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man or his heirs or dependents, shall have a claim against the state for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

In the Departmental Report is incorporated an extract from a report of the proceeding of the Board of Officers of the Illinois National Guard, which was appointed to investigate all facts pertaining to the illness and death of Pvt. Francis E. Greer. It contains the following findings:

FINDINGS:
"The Board having carefully considered the evidence before it finds:
That the death of Private Francis E. Greer, ASN 26352442, Headquarters Battery, 209th Field Artillery Battalion, occurred in the military service in line of duty not due to misconduct.

RECOMMENDATIONS:
In view of the above findings the Board recommends:
That allowances for death benefits as authorized by law be paid to legal heirs of the soldier."

It appears from the evidence that Mrs. Greer remarried. On June 28, 1954, Mrs. Martha Greer, paternal Grandmother, was appointed guardian of the person of the two children, and they have resided with her, since the date of said appointment.

On May 6, 1957, the Illinois State Trust Company of Madison County, Illinois, was appointed Guardian of the Estate of said minors by the Probate Court of Madison County.

In the light of the testimony and the Departmental Report, there appears to be no dispute as to the facts, and, under the provisions of the statute, claimants are entitled to an award.

An award is, therefore, made to The Illinois State Trust Company, Guardian of the Estate of Sharon Sue Greer, in the amount of $7,500.00. An award is also made to The Illinois State Trust Company, Guardian of the Estate of Janice Irene Greer, in the amount of $7,500.00.